UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

_____

JERRY CATES #235805,

        Plaintiff,                          Case No. 2:06-cv-96

v.                                              Honorable Gordon J. Quist

LOLYD RAPEIJE, et al.,

        Defendants.
_____/

**REPORT AND RECOMMENDATION**

        This is a civil rights action brought by a state prisoner pursuant to 42 U.S.C. § 1983 which was initially dismissed without prejudice on May 23, 2006, for failure to exhaust administrative remedies. Plaintiff appealed to the Sixth Circuit. On May 2, 2007, the Sixth Circuit remanded Plaintiff's complaint to this court. On July 11, 2007, this Court ordered service of Plaintiff's complaint on Defendants. On December 28, 2007, Defendants filed a motion for summary judgment (docket #29) on the ground that Plaintiff failed to exhaust his available administrative remedies. Plaintiff filed a response (docket #34) and brief (docket #35) on or about January 23, 2008. Upon review, I recommend that Defendants' motion for summary judgment be granted.

**Applicable Standard**

        Summary judgment is appropriate when the record reveals that there are no genuine issues as to any material fact in dispute and the moving party is entitled to judgment as a matter of

law. FED. R. CIV. P. 56(c); *Kocak v. Comty. Health Partners of Ohio, Inc.*, 400 F.3d 466, 468 (6th Cir.), *cert. denied*, 126 S. Ct. 650 (2005); *Thomas v. City of Chattanooga*, 398 F.3d 426, 429 (6th Cir.), *cert. denied*, 126 S. Ct. 338 (2005). The standard for determining whether summary judgment is appropriate is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *State Farm Fire & Cas. Co. v. McGowan*, 421 F.3d 433, 436 (6th Cir. 2005) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52 (1986)); *see also Tucker v. Union of Needletrades Indus. & Textile Employees*, 407 F.3d 784, 787 (6th Cir. 2005). The court must consider all pleadings, depositions, affidavits, and admissions on file, and draw all justifiable inferences in favor of the party opposing the motion. *See Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); *Twin City Fire Ins. Co. v. Adkins*, 400 F.3d 293, 296 (6th Cir. 2005).

A prisoner's failure to exhaust his administrative remedies is an affirmative defense for which Defendants have the burden to plead and prove. *Jones v. Bock*, 127 S. Ct. 910, 919-21 (2007). A moving party without the burden of proof needs only show that the opponent cannot sustain his burden at trial. *See Morris v. Oldham County Fiscal Court*, 201 F.3d 784, 787 (6th Cir. 2000); *see also Minadeo v. ICI Paints*, 398 F.3d 751, 761 (6th Cir. 2005). A moving party with the burden of proof faces a "substantially higher hurdle." *Arnett v. Myers*, 281 F.3d 552, 561 (6th Cir. 2002); *Cockrel v. Shelby County Sch. Dist.*, 270 F.3d 1036, 1056 (6th Cir. 2001). "Where the moving party has the burden -- the plaintiff on a claim for relief of the defendant on an affirmative defense -- his showing must be sufficient for the court to hold that no reasonable trier of fact could find other than for the moving party." *Calderone v. United States*, 799 F.2d 254, 259 (6th Cir. 1986) (quoting W. SCHWARZER, *Summary Judgment Under the Federal Rules: Defining Genuine Issues of Material Fact*, 99 F.R.D. 465, 487-88 (1984)). The United States Court of Appeals for the Sixth

2

Circuit repeatedly has emphasized that the party with the burden of proof "must show the record contains evidence satisfying the burden of persuasion and that the evidence is so powerful that no reasonable jury would be free to disbelieve it." *Arnett*, 281 F.3d at 561 (quoting 11 JAMES WILLIAM MOORE, ET AL., MOORE'S FEDERAL PRACTICE § 56.13[1], at 56-138 (3d ed. 2000); *Cockrel*, 270 F.2d at 1056 (same). Accordingly, a summary judgment in favor of the party with the burden of persuasion "is inappropriate when the evidence is susceptible of different interpretations or inferences by the trier of fact." *Hunt v. Cromartie*, 526 U.S. 541, 553 (1999).

## Facts

Plaintiff is presently incarcerated at the Alger Maximum Correctional Facility (LMF). In his *pro se* complaint, he sues Defendants Assistant Deputy Warden Lloyd Rapeije, Resident Unit Officer Don Tweedale, and Resident Unit Officer Louis Miron. Plaintiff has also filed a supplemental complaint adding parties Warden David Bergh, Resident Unit Officer Unknown Sharrett and Sergeant B. Hursh (docket #3). Plaintiff claims that Defendants have paid another inmate, who has Hepatitis B, to assault him with bodily fluids and feces. For relief, Plaintiff requests damages.

## Discussion

Defendants claim that they are entitled to summary judgment because Plaintiff failed to exhaust his available administrative remedies. Pursuant to 42 U.S.C. § 1997e(a), a prisoner bringing an action with respect to prison conditions under 42 U.S.C. § 1983 must exhaust his available administrative remedies. *See Porter v. Nussle*, 534 U.S. 516, 532 (2002); *Booth v. Churner*, 532 U.S. 731, 733 (2001). A prisoner must exhaust available administrative remedies, even if the prisoner may not be able to obtain the specific type of relief he seeks in the state administrative process. *See Porter*, 534 U.S. at 520; *Booth*, 532 U.S. at 741; *Knuckles El v. Toombs*,

3

215 F.3d 640, 642 (6th Cir. 2000); *Freeman v. Francis*, 196 F.3d 641, 643 (6th Cir. 1999). In order to properly exhaust administrative remedies, prisoners must complete the administrative review process in accordance with the deadlines and other applicable procedural rules. *Jones v. Bock*, 127 S. Ct. 910, 922-23 (2007); *Woodford v. Ngo*, 126 S. Ct. 2378, 2386 (2006). "Compliance with prison grievance procedures, therefore, is all that is required by the PLRA to 'properly exhaust.'" *Jones*, 127 S. Ct. at 922-23.

MDOC Policy Directive 03.02.130 (effective Dec. 19, 2003)[1], sets forth the applicable grievance procedures for prisoners in MDOC custody at the time relevant to this complaint. Inmates must first attempt to resolve a problem orally within two business days of becoming aware of the grievable issue, unless prevented by circumstances beyond his or her control *Id.* at ¶ R. If oral resolution is unsuccessful, the inmate may proceed to Step I of the grievance process and submit a completed grievance form within five business days of the attempted oral resolution. *Id.* at ¶¶ R, X. The Policy Directive also provides the following directions for completing grievance forms: "The issues shall be stated briefly. Information provided shall be limited to the <u>facts</u> involving the issue being grieved (i.e., who, what, when, where, why, how). Dates, times, places and names of all those involved in the issue being grieved are to be included." *Id.* at ¶ T (emphasis in original). The inmate submits the grievance to a designated grievance coordinator, who assigns it to a respondent. *Id.* at ¶ Y.

If the inmate is dissatisfied with the Step I response, or does not receive a timely response, he may appeal to Step II by obtaining an appeal form within five business days of the response, or if no response was received, within five days after the response was due. *Id.* at ¶¶ R,

---

[1]The MDOC amended Policy Directive 03.02.130 on July 9, 2007. However, the 2003 version of the policy directive was in effect at all times applicable to this lawsuit.

DD. The respondent at Step II is designated by the policy, *e.g.,* the regional health administrator for a medical care grievances. *Id.* at ¶ FF. If the inmate is still dissatisfied with the Step II response, or does not receive a timely Step II response, he may appeal to Step III using the same appeal form. *Id.* at ¶¶ R, HH. The Step III form shall be sent within ten business days after receiving the Step II response, or if no Step II response was received, within ten business days after the date the Step II response was due. *Id.* at ¶ HH. The Prisoner Affairs Section is the respondent for Step III grievances on behalf of the MDOC director. *Id.* at ¶ II. Time limitations shall be adhered to by the inmate and staff at all steps of the grievance process. *Id.* at ¶ U. "The total grievance process from the point of filing a Step I grievance to providing a Step III response shall be completed within 90 calendar days unless an extension has been approved . . . ." *Id.*

In addition, the grievance policy provides that, where the grievance alleges staff brutality or corruption, the grievance may be submitted directly to Step III. *Id.* at ¶S. In such instances, the grievance must be filed within the time limits prescribed for filing grievances at Step I. *Id.*

In Plaintiff's complaint, he claims that on December 7 or November 5 of 2005, he wrote an affidavit for submission in prisoner Stockenauer's lawsuit. This affidavit accused Defendants Tweedale and Miron of paying prisoner McGee, who has Hepatitis B, to assault other inmates by throwing feces on them and spitting on them. Plaintiff claims that he was retaliated against by Defendants Tweedale and Miron for helping prisoner Stockenauer's lawsuit.

In their brief in support of the motion for summary judgment, Defendants claim that Plaintiff failed to file any grievances relating to the allegations contained in his complaint. In support of this assertion, Defendants offer a copy of the grievance inquiry, which lists all grievances filed by Plaintiff, as well as copies of all grievances filed during the pertinent time period.

5

Specifically, Defendants note that Plaintiff filed 13 grievances between the date that he wrote the affidavit, November 12, 2005, and the date that he filed his lawsuit, April 5, 2006. (*See* Grievance Inquiry Screen, Defendants' Exhibit A.) In addition, Defendants attach copies of the grievances to their brief, none of which relate to the issues raised in the instant lawsuit. One of the grievances asserts that Officers Bradley and Kennedy, who are not named as defendants in this case, paid prisoner Bradshaw to spit on Plaintiff. (*See* Defendants' Exhibits C-O.) Defendants note that Plaintiff's allegation in his complaint that he exhausted his administrative remedies by filing a grievance on November 5, 2005, lacks merit because the events complained of in the instant lawsuit occurred after the date of the grievance.

In response to Defendants' motion for summary judgment, Plaintiff states the he filed 13 grievances between the date he wrote the affidavit for inmate Stockenauer's lawsuit and the date he filed the instant complaint, to no avail. Plaintiff asserts that he also filed complaints with outside agencies. However, Plaintiff fails to come forward with any evidence in support of his claim that he ever filed a grievances with regard to any of the allegations set forth in the instant complaint. For the reasons set forth above, Defendants are entitled to summary judgment.

The undersigned notes that Plaintiff has filed a motion for relief from having the dismissal in this case count as a strike pursuant to the "three-strikes" rule of § 1915(g). However, dismissals for failure to exhaust administrative remedies do not count as strikes. Therefore, Plaintiff's motion (docket #32) is properly denied as moot.

**Recommended Disposition**

For the foregoing reasons, I recommend that Defendants' motion for summary judgment (docket #29) be granted and that this action be dismissed in its entirety.


/s/ Timothy P. Greeley
TIMOTHY P. GREELEY
UNITED STATES MAGISTRATE JUDGE

Dated: September 3, 2008


**NOTICE TO PARTIES**

Any objections to this Report and Recommendation must be filed and served within ten days of service of this notice on you. 28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b). All objections and responses to objections are governed by W.D. Mich. LCivR 72.3(b). Failure to file timely objections may constitute a waiver of any further right of appeal. *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); *see Thomas v. Arn*, 474 U.S. 140 (1985).